FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 15  AM 7: 45

LORETTA G. WHYTE
CLERK

UNITED STATES   DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK BOHANNAN

versus

ALLSTATE INSURANCE COMPANY
ET AL

CIVIL ACTION

NO.  06-7550

SECTION: E/3

## ORDER AND REASONS

Plaintiff Jack Bohannan ("Bohannan") filed a motion to remand this case to the 25th Judicial District Court for the Parish of Plaquemines. Record document #5.  Defendant Allstate Insurance Company ("Allstate") opposes the motion, and filed a motion to transfer this case to Judge Sarah Vance, Section "R".[1] After considering the motion, memoranda, the record and the law, the motion to remand is GRANTED; the motion to transfer is DISMISSED AS MOOT.

## FACTS AND PROCEDURAL BACKGROUND

Bohannan owns a home in the town of Buras, in Plaquemines Parish, Louisiana.[2]  There is no dispute that Carbo is a Louisiana citizen, Allstate is a foreign insurer doing business in Louisiana, and the amount in controversy exceeds $75,000.00.

Bohannan alleges that he was interested in insurance protection from hurricane damage to his home and contents, and contacted defendant John Carbo Insurance, L.L.C. ("Carbo"), an

---

[1] Bohannan's Petition includes a claim pursuant to the Louisiana Valued Policy Law, La. R.S. 22:695.

[2] See, generally, Petition for Breach of Contract and Damages.

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

agent of defendant Allstate, to procure a homeowner's insurance
policy.  He alleges that he requested professional advice
regarding insurance coverage from Carbo, "who assured the
Plaintiff that the policy of fire (homeowner's) insurance which
he recommended would sufficiently cover and insure the Plaintiff
for all the damages they would sustain during a hurricane."
Petition, ¶ IV.  The home was severely damaged or destroyed by
the wind, rain and tornadoes generated by Hurricane Katrina.
Bohannan alleges that he promptly reported the damage to
Allstate.  Allstate has paid only "an insignificant portion" of
the policy coverage.  Petition, ¶ VIII.  Bohannan also alleges
that during each policy period, he relied on Carbo as his
Allstate agent "to advise him of changes in his policies, to
procure adequate insurance coverage each year in order to insure
that they have the correct type of insurance and the policy
coverage amounts were sufficient to protect the Plaintiff from
the damages cause by a hurricane."  Petition, ¶ XIII.  At ¶ XIV,
Bohannan alleges as follows:

> During the renewal period in June, 2005,
> [Carbo] was negligent in numerous respects
> including, but not limited to, failing to
> recommend or procure adequate flood insurance
> which would sufficiently cover the Plaintiff
> for their damages sustained in a hurricane;
> failing to advise that excess flood insurance
> was available to him; failing to inform the
> Plaintiff that he was under-insured in his
> Allstate insurance policy; failing to inform
> the Plaintiff that his coverages should be

> increased as well as his misrepresentations
> in which he assured the Plaintiff that the
> Allstate fire (homeowners) insurance policy
> would cover and insure them for all the wind,
> tornado and rain damage caused by a
> hurricane. ....

Bohannan discovered the misrepresentations and negligence in August, 2005, during the aftermath of Hurricane Katrina.  On August 28, 2006, he filed suit in the 25th Judicial District Court for the Parish of Plaquemines against Allstate for breach of the insurance contract, against Carbo for his "negligent or intentional misrepresentations and breaches of his fiduciary duties" to Bohannan, and against Sharonda Clark and Micael D. Hill[3] for failure to adjust his claim in good faith and failure to disclose material information to him.  Allstate removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## ANALYSIS

A civil action filed in a state court may generally be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed in favor of remand.  Shamrock Oil & Gas Corp. v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th

---

[3]Service was withheld on Sharonda Clark and Micael D. Hill, claims adjusters for Allstate. Their citizenship will not be considered for purposes of determining diversity jurisdiction.

Cir. 2002).  Jurisdiction is fixed at the time of removal, and
the jurisdictional facts supporting removal are examined as of
the time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d
880, 883 (5th Cir. 2000).  The burden is on the removing party to
show that federal jurisdiction exists and that removal was
proper.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.
1995).  Doubts or ambiguities regarding removal are to be
construed against removal and in favor of remand.  Manguno, 276
F.3d at 723.   When removal is based on diversity jurisdiction,
as here, Louisiana law applies to the substantive issues.  Erie
R.R. Co. v. Tompkins, 304 U.E. 64, 78 (1938).

        Allstate argues that complete diversity exists because the
nondiverse defendant Carbo is improperly joined.  It argues that
Bohannan's claims against him are perempted pursuant to La.R.S.
9:5606(A), or because Bohannan cannot state a claim against Carbo
as a matter of law because agents for a disclosed principal
cannot be held personally liable to a third party unless they
personally bind themselves, exceed their authority, or
misrepresent a position of the principal.  Alternatively,
Allstate argues that Bohannan's claim against Carbo subject to
dismissal based on misjoinder.

### Improper Joinder

        Naming   a   non-diverse   defendant   destroys   diversity
jurisdiction.  However, improper joinder of a non-diverse defendant

-4-

does not prevent removal by a diverse defendant. <u>Smallwood v. Il.</u>
<u>Cent. R.R. Co.</u>, 352 F.3d 220, 222 (5th Cir. 2003). The burden of
showing improper joinder is a heavy one. <u>Id.</u> The standard for
determining improper joinder is well established in the Fifth
Circuit. Improper joinder can be demonstrated in two ways; (1)
actual fraud in pleading jurisdictional facts; or (2) the inability
of the plaintiff to establish a cause of action against the non-
diverse party in state court. <u>Dobson v. Allstate Insurance Co.</u>,
2006 WL 2078423, *4 (E.D.La.), *citing* <u>Ross v. Citifinancial, Inc.</u>,
344 F.3d 458, 461 (5th Cir. 2003). Generally, a party is considered
to be improperly joined "when a plaintiff has not or can not state
a claim for relief against the individual or entity under the
applicable substantive law or does not intend to secure a judgment
against that defendant." <u>Fidelity Homestead Association v. Hanover</u>
<u>Insurance Co.</u>, – F.Supp.2d –, 2006 WL 2873562 (E.D.La.), *citing*
<u>Englade v. Glaxo Smithkline</u>, 206 F.Supp.2d 815, 817 (E.D.La. 2002)
(citing <u>Erdey v. American Honda Co., Inc.</u>, 96 F.R.D. 593, 595 (M.D.
La 1983)).

*Peremption*

Allstate argues that Bohannan's claims against Carbo are
perempted pursuant to La.R.S. 9:5606(A) because his policy was
issued to him in 2004, two years before he filed suit against
Allstate. It argues that because he had the insurance policy in
his possession in 2004, he had sufficient and constructive

-5-

knowledge of its terms and exclusions to start the peremptive period. According to Allstate, under Louisiana law, Bohannan is deemed to have read and to know the provisions of his policy.

Section 5606(A) provides that an action for damages against an insurance agent or broker must be brought "within one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect is discovered", and in any event, such an action must be brought "within three years from the date of the alleged act, omission, or neglect." Under Louisiana law, peremption is a period of time fixed by law for the existence of a right, and the right is extinguished unless it is exercised within that period. La. Civ. Code art. 3458; Sonnier v. Louisiana Farm Bureau Mutual Insurance Co., 924 So.2d 419, 422 (La.App. 3 Cir. 3/1/06), writ denied, 930 So.2d 33 (La. 5/26/06). On the other hand, prescription does not extinguish the right; it merely bars its enforcement and may, under certain circumstances, be interrupted or suspended. Peremption, however, may not be interrupted or suspended once the peremptive period begins to run. See Schwartz v. Chubb & Sons, Inc., 2006 WL 980673 *2 n.8 (E.D.La.), citing In re Whitaker constr. Co., 439 F.3d 212, 217 n.4 (5th Cir. 2006). A prescriptive or peremptive period begins to run when the injured party has constructive knowledge of the facts that would entitle him to bring suit. Dobson, *9, citing Campo v. Correa, 828 so.2d

502, 510 (La. 2002).   A cause of action for negligence accrues,
starting the prescriptive period, when a plaintiff suffers
damages.  Dobson, *6, citing Cole v. Celotex, 599 so.2d 1058,
1064 n.15 (La. 1992).

Renewals of insurance policies generally do not operate to
restart the peremptive period.  Fidelity Homestead Association,
*2, citing Southern Athletic Club, LLC v. Hanover Insurance
Company, 2006 WL 2583406 *3 (E.D.La.)(citing Dobson, 2006 WL
2078423 *8).  However, if the complained of conduct constitutes
separate and distinct acts that give rise to immediate apparent
damages, renewals can be the basis of separate torts.  Id.,
citing Biggers v. Allstate Ins. Co., 886 So.2d 1179, 1182
(La.App. 5 Cir. 10/26/04); Sonnier, 924 So.2d at 422.

The Court has not been provided with a copy of the insurance
policy at issue, nor any evidence supporting Allstate's claim
that it was first issued in 2004.  The Court cannot determine
when it was first issued for purposes of the peremptive period,
or what terms and provisions it contains that should have put
Bohannan on notice that he had a cause of action against Carbo.
The complaint specifically alleges negligent acts and
misrepresentations by Carbo "[d]uring the renewal period in June,
2005".  Complaint, ¶ XIV.  The prescriptive period began to run
in August, 2005, when Bohannan's property was destroyed and he
discovered that he was not insured for his losses.  The claim

-7-

against Carbo is not perempted.

*Louisiana Law*

Allstate next argues that the complaint fails to state a claim against Carbo because Louisiana law (1) only recognizes a cause of action against an agent who fails to obtain specifically "requested" insurance for the insured, citing <u>Karam v. St. Paul Fire & Marine Ins. Co.</u>, 281 So.2d 728, 730 (La. 1973); (2) imposes no duty on an agent to "spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage," citing <u>Dobson</u>, 2006 WL 2078423, at *10-11; or (3), protects an agent for a disclosed principal from personal liability to a third party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal, citing La. Civ. Code arts. 3016, 3019 and <u>Ragas v. Jimmy Tarleton III et al</u>, C.A. No. 06-4137, r. doc. #13 (E.D.La. 2006).

Louisiana law imposes upon an insurance agent a fiduciary duty to the insured and the agent is liable for his own fault or neglect. <u>Landry v. State Farm Fire & Casualty Co.</u>, 428 F.Supp.2d 531, 536 (E.D. La. 4/25/06), *citing* <u>Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.</u>, 910 F.2d 224, 229 (5th Cir. 1990). As that court explained:

> A plaintiff must prove three elements to
> demonstrate the agent's liability: 1) an
> undertaking or agreement by the broker to

> procure insurance; 2) failure of the agent to
> use reasonable diligence in attempting to
> place the insurance and failure to notify the
> client promptly if he has failed to obtain
> the insurance; and 3) actions by the agent
> warranting the client's assumption that the
> client was properly insured.

Id., citing Offshore Prod. Contractors, Inc., at 229 (citing

Karam, 281 So.2d at 730-31.  While insurance agents have a duty

only to use reasonable diligence in attempting to place the

insurance requested, they have a duty to supply their customers

with correct information and they may be liable for negligent

misrepresentation when they provide incorrect information and an

insured is thereby damaged.  Dobson, *10, citing Karam, 281 So.2d

at 730 and Venture Assocs. Inc. Of La. v Trans. Underwriters of

La., 634 So.2d 4, 6-7 (La.Ct.App. 1994).  On the other hand,

"[a]n insured party is generally responsible for reading his

policy, and he is presumed to know its provisions.  Id., *9,

citing Motors Ins. Co. V. Bud's Boat Rental, 917 F.2d 199, 205

(5th Cir. 1990)(other citations omitted.)

On the face of his Complaint, Bohannan expressly alleges

that he relied on Carbo's advise and "to procure adequate

insurance coverage each year in order to insure that they have

the correct type of insurance and the policy coverage amounts

were sufficient to protect" from damages caused by a hurricane,

and that Carbo made misrepresentations when he "assured" Bohannan

that the homeowner's policy he purchased from Carbo "would cover

and insure them for all the tornado, wind and rain damage caused by a hurricane." Complaint, ¶¶ XIII and XIV. There is a reasonable basis to predict that the Complaint does state a claim against Carbo within the parameters of Louisiana law, and, resolving any doubts and ambiguities in favor of the nonremoving party, that Bohannan may produce sufficient evidence to recover against Carbo. Allstate has not met its heavy burden to show that Carbo is improperly joined.

### Misjoinder Pursuant to F.R.Civ.P. 20(a)

Finally[4], Allstate argues that Carbo is improperly joined as a defendant pursuant to F.R.Civ.P. 20(a) because the claims against it are "wholly distinct and separate from the claims against Carbo."

Rule 20(a) of the Federal Rules of Civil Procedure provides for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

In this case, common questions of fact flowing from the same series of transactions or occurrences will arise in the contract

---

[4]It is not necessary for the Court to address the parties' arguments regarding the alleged procedural deficiency in Allstate's removal of the case.

-10-

claims against the insurer and the tort claims against the agent, as both relate to the procurement of the policy at issue, its particular terms and extent of coverage, and the facts surrounding the loss suffered by plaintiff. Moreover, a plaintiff is entitled to plead for relief in the alternative. *See, e.g.,* Schwartz, 2006 WL 980673 *4 for a discussion of the Fifth Circuit's jurisprudence regarding Rule 20(a) "misjoinder"; Dobson *12; Botnick v. Vigilant Insurance Co., 2006 WL 2947912 *7 (E.D.La. 10/13/06); Harrington v. Lexington Insurance co., 2006 WL 2192853 *3 (E.D.La. 8/1/06); Southern Athletic Club, LLC, 2006 WL 2583406 *4 (E.D.La. 9/6/06).

## **Motion to Transfer**

On November 16, 2006, Allstate filed a Motion to Transfer this case to Judge Sarah Vance, Section "R", because the Complaint contains a claim against Allstate pursuant to the Louisiana Valued Policy statute, La. R.S. § 22:695. Because this Court lacks subject matter jurisdiction, the motion is DISMISSED as moot.

Accordingly,

**IT IS ORDERED** that Jack Bohannan's motion to remand is **GRANTED,** and the captioned matter, C.A. 06-7550, is hereby **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines; and,

-11-

**IT IS FURTHER ORDERED** that Allstate's Motion to Transfer is **DISMISSED AS MOOT.**

New Orleans, Louisiana, December 14, 2006.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge